**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


STEVE F. SKERCE

               Plaintiff,

      vs.                               Case No. 2:18-cv-02040-HLT

TORGESON ELECTRIC COMPANY,

               Defendant.

**Jury Instructions**

**Instruction No. 1 (General Charge to Jury)**

Members of the jury: It is your duty as jurors to follow the law as I shall state it to you. You should construe each instruction in the light of and in harmony with the other instructions, and you should apply the instructions as a whole to the evidence.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

**Instruction No. 2 (Juror Notes)**

You may use the notes taken by you during the trial. Remember, however, that notes are not evidence. If your memory should differ from your notes or the notes of other jurors, then you should rely on your memory.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

**Instruction No. 3 (Rulings During Trial)**

At times during the trial the Court ruled upon objections to the admission of certain things into evidence. Questions relating to the admissibility of evidence are solely questions of law for the Court and you must not concern yourselves with the reasons for its rulings. In your consideration of the case you must draw no inferences from these rulings and you must consider only the evidence admitted by the Court. I have not intended to and I do not express or suggest any opinion in these instructions, my rulings, actions, or remarks about the resolution of any issue in this case.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

**Instruction No. 4 (Consider Only Evidence Admitted)**

You may consider as evidence everything that was admitted during trial such as witness testimony, an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You are to consider only the evidence, but are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw a particular conclusion from the evidence.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 5 (Statements of Counsel Not Evidence)

Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. You should disregard any such statement that has no basis in the evidence.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 6 (Witness Credibility)

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or his testimony. In weighing the testimony of a witness you should consider the witness's relationship to Plaintiff or to Defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent mis recollection—like failure of recollection—is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified

in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

## Instruction No. 7 (Witness Credibility)

The credibility of a witness maybe attacked by:

• Inquiry touching his or his prior conduct.

• Evidence that on some former occasion he or she made a statement, acted in a manner, testified in a deposition, or answered an interrogatory inconsistent with his or her testimony in this case on a matter material to the issues.

You may consider evidence of this kind, in connection with all the other evidence, only as it may have a bearing on impairing his or her credibility as a witness, that is, in deciding the weight and credit to be given the testimony of that witness.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

## Instruction No. 8 (Corporate Defendant)

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A municipal corporation, such as Defendant, is entitled to the same fair trial at your hands as a private individual. All persons, including municipal corporations, corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

## Instruction No. 9 (No Favoritism or Prejudice)

You must weigh and consider this case without favoritism for or prejudice against any

party. You must not be influenced by anything not within the issues of the case. Sympathy should not enter into your deliberations.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 10 (Expert Evidence)

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 11 (Direct and Circumstantial Evidence)

Generally speaking, there are two types of evidence that are presented during a trial: direct evidence and indirect evidence.

"Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.

"Indirect evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 12 (Corporation Acts through Officer/Employees)

As a corporation, Defendant can act only through its officers and employees. Therefore, whenever mention is made of Defendant doing or not doing something, then, of course, it means Defendant's officers or employees acting within the scope of their employment.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 13 (Witnesses not Called)

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 14 (Parties' Claims)

This instruction sets forth Plaintiffs claims against Defendant, as well as Defendant's denial of those claims and defenses asserted. Plaintiffs claims, Defendant's denial of Plaintiffs claims, and Defendant's defenses are not evidence and you should not consider them as evidence. They simply explain the nature of the parties' dispute.

In this case, Plaintiff claims that Defendant interfered with his right to leave under the Family Medical Leave Act (FMLA). Plaintiff also claims that defendant discriminated against him in the terms, conditions and privileges of employment and by firing him in violation of the FMLA and ADA.

Several times while employed by Defendant, Plaintiff took time off due to his diabetes. In late 2014, Plaintiff asked Defendant about taking time off for various medical issues, including diabetes. Defendant told him that it did not offer FMLA leave and that if he took leave there was

nothing that would protect his job. On January 29, 2015, Plaintiff suffered a workplace injury to his elbow. He was unable to work as an electrician for a number of weeks until his doctor returned him to work. At no time did Defendant tell Plaintiff that he was qualified and eligible for FMLA leave. Defendant did not designate his leave as FMLA leave. On April 23, 2015, before returning to work, Defendant's Human Resources' department called him and told him that he was terminated claiming there were no hours available for him. Defendant admits that it was not until after Plaintiff filed his charge of discrimination that it claimed that Plaintiff was terminated for a reduction in force. Defendant's claim that there was no reduction in force is false. Had Defendant designated Plaintiff's leave as FMLA leave, then it would have returned him to his job or a similar job when he was released to work. Defendant did not have a legitimate business reason to terminate his employment and it was the result of discrimination in violation of the ADA and interference with his right to FMLA leave.

Plaintiff seeks lost wages and benefits, and compensatory damages for emotional distress, humiliation, embarrassment, reputational damage and liquidated damages.

Plaintiff has the burden to prove his claims by a preponderance of the evidence. The Court will explain the burden of proof later in these instructions.

Defendant denies Plaintiff's claims and denies Plaintiff any discrimination based on disability (diabetes) and denies any interference with Plaintiff's rights under the FMLA. Defendant's decisions concerning Plaintiff's termination were based on factors other than Plaintiff's disability (diabetes).

Defendant denies that it terminated Plaintiff's employment because of his disability (diabetes). Defendant asserts that it terminated Plaintiffs employment because of a reduction in force due to a lack of work warranting Plaintiff's continued employment. Defendant further asserts that it would have terminated Plaintiff's employment without regard to any disability (diabetes) or

entitlement to FMLA. Defendant maintains that there was no discriminatory intent in its decision to terminate Plaintiff's employment. Defendant further maintains it acted in good faith when terminating Plaintiff after his release to return to work without restrictions.

Defendant also contends that if Plaintiff sustained damages for lost wages and benefits or emotional distress, which it denies, then he failed to take reasonable steps to limit his damages and to make a reasonable effort to obtain other employment after the termination of his employment or to take reasonable steps to mitigate his emotional distress.

### Instruction No. 15 (Burden of Proof)

Burden of proof means burden of persuasion. A party who has the burden of proof must prove a claim by the preponderance of the evidence. To establish a fact by the preponderance of evidence means that the party who has the burden of proof must persuade you that something is more probably true than not true. In determining whether a party has met this burden, you will consider all the evidence, whether produced by Plaintiff or Defendant.

The weight of the evidence on any issue is not determined by the number of witnesses, but by how reasonable, persuasive, and satisfying the evidence is to you.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 15 (Disability Discrimination)

In order for Plaintiff to establish Plaintiff's claim of unlawful discrimination by Defendant, Plaintiff has the burden of proving all the following essential elements by a preponderance of the evidence:

First: Plaintiff is a disabled person;

Second: Plaintiff is a person otherwise qualified;

Third: Defendant intentionally discriminated against Plaintiff, that is, the fact that Plaintiff was a qualified person with a disability was a motivating factor in the defendant's decision to

terminate plaintiff; and

Fourth: As a direct result of defendant's actions, Plaintiff sustained damages.

Plaintiff has the burden of proving each and every element of Plaintiff's claim by a preponderance of the evidence. If you find Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant.

**Source:** 3C Fed. Jury Prac. & Instr. §§ 172:20, 172:50 (6th ed.).

### Instruction No. 16 (Disability Definitions)

The term "disability" means:

One: A physical impairment that substantially limits one of the major activities of life; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

To be an individual with a disability, an individual is only required to satisfy one prong.

**Source:** *Paraham v. Atriums Management Co., Inc.*, No. 16-2539-CM, ECF 89 (filed 3/3018).

### Instruction No. 17 (Major Activities of Life)

"Major life activities" include, but are not limited to:

1.      Caring for oneself, performing manual tasks, sleeping, walking, standing, sitting, reaching, lifting, bending, concentrating, thinking, communicating, interacting with others, and working; and

2.      The operation of a major bodily function, including endocrine functions.

In determining other examples of major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability. Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life."

**Source:** *Paraham v. Atriums Management Co., Inc.*, No. 16-2539-CM, ECF 89 (filed

3/3018).

## Instruction No. 18 (Substantially Limits)

An impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability.

**Source:** *Paraham v. Atriums Management Co., Inc.*, No. 16-2539-CM, ECF 89 (filed 3/3018).

## Instruction No. 19 (Essential Job  Functions)

The term "essential job functions" means the fundamental job duties of the employment position plaintiff held. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

1.      Defendant' s judgment as to which functions of the job are essential;

2.      Written job descriptions prepared for advertising or used when interviewing applicants for the job;

3.      The amount of time spent on the job performing the function in question;

4.      The consequences of not requiring the person to perform the function;

6.      The work experience of persons who have held the job; and

7.      The current work experience of persons in similar jobs

**Source:** *Paraham v. Atriums Management Co., Inc.*, No. 16-2539-CM, ECF 89 (filed 3/3018).

## Instruction No. 20 (Record of Impairment)

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment substantially limiting one or more major life activities."

**Source:** *Paraham v. Atriums Management Co., Inc.*, No. 16-2539-CM, ECF 89 (filed 3/3018).

## Instruction No. 21 (Qualified Individual with a Disability)

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that plaintiff holds. You should give consideration to, but are not bound by, defendant's judgment as to what functions of a job are essential.

**Source:** *Paraham v. Atriums Management Co., Inc.*, No. 16-2539-CM, ECF 89 (filed 3/3018).

## Instruction No. 22 (Business Judgment)

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability. You may not return a verdict for Plaintiff just because you might disagree with Defendant's decision or because you believe it to be harsh or unreasonable. This case is not about whether Plaintiff was treated fairly or unfairly in some general sense by Defendant.

Defendant may discharge or otherwise adversely affect an employee, including Plaintiff for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

**Source:** 3C Fed. Jury Prac. & Instr. § 172:64 (6th ed.); *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019), Instruction 28.

### Instruction No. 23 (Same Decision-ADA)

If you find in favor of Plaintiff under Instruction __ [Elements of ADA Discrimination], then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that Defendant would have discharged Plaintiff due to a reduction in force even if Defendant had not considered Plaintiff's diabetes?

**Source:** 3C Fed. Jury Prac. & Instr. § 172:660 (6th ed.).

### Instruction No. 24 (Pretext)

Defendant alleges that it had legitimate reasons for its actions. Plaintiff claims that Defendant's stated reasons are not the true reasons, but instead are a pretext to cover up for intentional discrimination or retaliation. Plaintiff may demonstrate that Defendant's stated reasons for its actions are not the true reasons, but instead are a pretext (an excuse) to cover up for intentional discrimination or retaliation, by showing weaknesses, implausibilities, incoherence, or contradictions in the proffered reasons for its actions, or by showing Defendant shifted rationales. If you do not believe one or more of the reasons Defendant offered for its actions, then you may, but are not required to, infer that discrimination or retaliation was a factor that made a difference in Defendant's decisions

In considering Plaintiffs claim that Defendant's reasons for its decisions are a pretext to cover up for intentional discrimination, you should look at the facts as they appeared to the person making the decision. It is the perception and intent of the employer that determines pretext. A mistaken belief can be a legitimate reason for an employment decision and is not necessarily pretextual. You must consider only whether Defendant honestly believed those reasons and acted in good faith upon those beliefs.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019), Instructions 26-27.

### Instruction No. 25 (FMLA – Generally)

The Family and Medical Leave Act provides eligible employees the right to take a total of twelve weeks of unpaid leave per year to care for the employee's own "serious health condition" that renders the employee unable to perform his or her work functions. After the period of qualified leave expires, the employee ~~generally~~ is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took the leave.

To insure the availability of these guarantees, the FMLA declares that it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

If an employer is on notice that an employee might qualify for FMLA benefits, the employer has a duty to notify the employee that FMLA coverage may apply. Failure to follow the notice requirements may constitute an interference with an employee's FMLA rights, if the employee is prejudiced by the failure. Prejudice requires that Plaintiff to prove he would have acted differently had he known he was eligible for FMLA leave.

It is undisputed that Plaintiff was an eligible employee in from at least January to April 2015.

It is undisputed that Plaintiff's work-related elbow injury was a serious health condition.

It is undisputed that Defendant did not notify Plaintiff he was eligible for FMLA leave.

**Source:** ECF 58, p. 9; 29 U.S.C. § 2612(a)(1)(D); § 2615(a)(1); 3C Fed. Jury Prac. & Instr. § 179:10 (6th ed.).

**Instruction No. 26 (FMLA Interference)**

In order for Plaintiff to establish his claim of unlawful interference with FMLA rights by Defendant, Plaintiff has the burden of proving all the following essential elements by a preponderance of the evidence:

First, Plaintiff was eligible for leave under the Family and Medical Leave Act;

Second, Plaintiff was entitled to take up to 12 weeks of leave in any 12-month period because of a serious health condition that made Plaintiff unable to perform the functions of Plaintiff's position;

Third, Plaintiff gave Defendant notice indicating when Plaintiff required FMLA leave; and

Fourth, Defendant in any way interfered with, restrained, or denied Plaintiff's entitlement to take time off from work.

The First and Second elements are undisputed. Plaintiff has the burden of proving the Third and Fourth element of Plaintiff's claim by a preponderance of the evidence. If you find Plaintiff has not proved either these elements by a preponderance of the evidence, you must return a verdict for Defendant.

However, an employee who is eligible for FMLA leave has no greater rights than an employee who remains at work. For example, if the Defendant can show that the Plaintiff's discharge would have occurred without regard to the Plaintiff's entitlement to leave under the FMLA due to a reduction in force, then the defendant has not violated the FMLA as to this claim.

**Source:** 3C Fed. Jury Prac. & Instr. § 179:26, § 179:40 (6th ed.); Jury Instruction on FMLA Interference in *Wilkins v. Packerware Corp.*, Case No. 04-cv-04024-KGS, ECF 101 Filed 11/18/05 Page 22 of 33, *aff'd Wilkins v. Packerware Corp.*, 260 F. App'x 98, 106 n.4 (10th Cir. 2008) (Instruction 18 correctly announces the elements of a FMLA Interference claim).

**Instruction No. 27 (FMLA Definition of Notice-Leave Forseeable)**

The phrase "timely notice" as used in these instructions means that he must have notified the defendant of his need for leave at least 30 days before the leave was to begin. Absent unusual circumstances, the plaintiff must comply with the defendant's usual and customary notice requirements for requesting leave.

**Source:** 8th Cir. Civil Jury Instruction 14.24 (2017).

**Instruction No. 28 (FMLA Definition of Notice-Leave Unforseeable)**

The phrase "timely notice" as used in these instructions means that he must have notified the defendant of his need for leave as soon as practicable after he learned of the need to take leave. Absent unusual circumstances, the plaintiff must comply with the defendant's usual and customary notice requirements for requesting leave.

**Source:** 8th Cir. Civil Jury Instruction 14.25 (2017).

**Instruction No. 29 Appropriate notice—Leave unforeseeable**

"Appropriate notice" as used in these instructions means Plaintiff must have notified Defendant of Plaintiff's need for leave as soon as practicable after Plaintiff learned of the need to take leave.

**Source:** 3C Fed. Jury Prac. & Instr. § 179:34 (6th ed.), 3C Fed. Jury Prac. & Instr. § 179:34 (6th ed.).

**Instruction No. 31 (Good faith vs. Willful Violation)[1]**

If you find in favor of Plaintiff under Instruction __ (FMLA Interference), then you must decide whether Defendant acted in good faith with respect to Plaintiff's FMLA rights.

Plaintiff has the burden of proving that Defendant knew Plaintiff's termination was prohibited by the FMLA or terminated Plaintiff in reckless disregard to the question of whether

---

[1] Instruction No. 30 is intentionally omitted.

Plaintiff's termination was prohibited by the FMLA.

The burden is on the employer to show that the violation was in good faith.

You must find Defendant acted in good faith if you find by a preponderance of the evidence that when Defendant terminated Plaintiff for reduction in force, Defendant reasonably believed that its actions complied with the FMLA.

**Source**: 3C Fed. Jury Prac. & Instr. § 179:52 (6th ed.); ECF 58, pp. 10-11. *Bass v.* Potter, 522 F.3d 1098, 1103 (10th Cir. 2008) ("willfulness standard, a plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" (Citation omitted)); *Burnett v. Sw. Bell Tel., L.P.*, 471 F. Supp. 2d 1121, 1133 (D. Kan. 2007).

### Instruction No. 32 (Same Decision-FMLA-- Exception to job restoration)

If you find in favor of Plaintiff under Instruction __ (FMLA Interference), then you must determine whether Defendant has proved by a preponderance of the evidence that defendant would have discharged Plaintiff without regard to Plaintiff's eligibility for FMLA leave.

Your verdict must be for Defendant if it has been proved by a preponderance of the evidence that Plaintiff would not have been employed by Defendant due to a reduction in force after Plaintiff was released to return to work without restriction.

**Source:** 3C Fed. Jury Prac. & Instr. § 179:50, and 179.52 (6th ed.) modified.

### Instruction No. 33 (FMLA Designation)

When an employee's leave qualifies both under the FMLA and under the employer's leave policy (such as a paid leave policy or workers compensation leave), the employer may permit the employee to use his FMLA leave and paid sick leave sequentially or the employer may require that the employee use his FMLA leave entitlement and his paid sick leave concurrently. The employer's leave policies may be more generous than that required by the FMLA.

*Ney v. City of Hoisington, Kansas*, 264 F. App'x 678, 680 (10th Cir. 2008); *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 87 (2002).

### Instruction No. 34 (Damages)

If Plaintiff has proved a claim of discrimination on the basis of disability (diabetes) against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation or guesswork. The burden is on Plaintiff to prove the existence and amount of his damages and that they were caused by Defendant's acts. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you find Defendant discriminated against Plaintiff based on Plaintiff's disability, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by the defendant's allegedly wrongful conduct.

You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, Plaintiff would have received had Plaintiff not been discriminated against.

You may also award Plaintiff compensatory damages for any pain, suffering, or emotional distress that Plaintiff experienced as a consequence of Defendant's disability discrimination. Emotional distress may include such things as indignity, humiliation, shame, and embarrassment. No evidence of the monetary value of such intangible things like pain, suffering, or emotional distress has been, or need be, introduced into evidence. There is no exact standard for fixing the

compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the evidence. You may not award damages based on sympathy, speculation, or guesswork. The damages, if any, that you award must be fair compensation-no more and no less.

If you find in favor of Plaintiff under Instruction ___ (Disability Discrimination), then you must award Plaintiff an amount of money that you find will fairly and justly compensate him for any wages and benefits you find he would have earned in her employment with Defendant if he had not been discharged on April 23, 2015, through the date of your verdict, minus the amount of earnings and benefits from other employment received by Plaintiff during that time.

**Source:** 3C Fed. Jury Prac. & Instr. §§ 172:70, 172:71 (6th ed.) and *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019), Instructions 29, 30, 31.

### Instruction No. 34 (Damages FMLA)

This damage instruction applies only to Plaintiff's interference claim the FMLA. If you find in favor of Plaintiff under Instruction ___ (FMLA Interference), then you must award plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in Plaintiff employment with Defendant if plaintiff had not been discharged on April 23, 2015 through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.

Damages for non-economic items such as emotional distress are not available under the FMLA.

**Source:** 3C Fed. Jury Prac. & Instr. § 179:60 (6th ed.); *Michaels v. City of McPherson*,

No. 13-CV-1128-MLB, ECF 125 (filed 10/15/14), Instruction No. 17 on FMLA Interference Damages.

### Instruction No. 35 (No Damages for On-the-job Injury)

The Kansas Workers' Compensation Act provides the only legal remedy for injuries an employee sustains while working for his employer. Plaintiff may not recover in this case for any damages that were caused by the injury sustained on January 29, 2015. The only damages that may be awarded in this case are limited to those which are directly related to the alleged discrimination or interference as set forth in Instruction __ (Damages).

**Source:** *Jones v. UPS*, No. 2:06-cv-02143-JPO (ECF 145, No. 14, filed 8/25/08) (issuing instruction with modifications); *Wilkins v. KMART Corp.*, No. 05-4074-SAC (ECF 106, No. 23, filed 4/17/07) (issuing similar instruction).

### Instruction No. 36 (Mitigation of Damages)

Plaintiff must make a reasonable effort to minimize or reduce his damages for lost wages by seeking other employment. This is called mitigation of damages. If you find that Plaintiff is entitled to damages for lost wages, then you must determine whether he made a reasonable effort to reduce those damages. If you conclude that Plaintiff did not make a reasonable effort to 'reduce those damages, you must reduce those damages by the amount you conclude Plaintiff could have earned had hemade a reasonable effort to do so. Defendant has the burden of proving by a preponderance of the evidence that Plaintiff failed to mitigate his damages, meaning Defendant must persuade you that the truth of the facts asserted as to Plaintiff's failure to mitigate his damages is more probably true than not true.

Similarly, if you find that Plaintiff is entitled to recover compensatory damages for pain, suffering and emotional distress, in fixing the amount thereof you should not include any loss which Plaintiff could have prevented by reasonable care and diligence exercised by his after the

loss occurred. Defendant has the burden of proving by a preponderance of the evidence that Plaintiff failed to mitigate his compensatory damages.

**Source:** 3C Fed. Jury Prac. & Instr. § 172:75 (6th ed.) and *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019), Instruction 32.

**Instruction No. 37 (Punitive Damages—Defendant's Proposed)**

Plaintiff claims the acts of Defendant were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Plaintiff and then further find from a preponderance of the evidence:

First: That a higher management official of Defendant personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second: That Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant [name], you may consider the financial resources of defendant in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a

reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.

2. The amount of time defendant conducted itself in this manner.

3. The amount of compensatory damages.

4. The potential profits defendant may have made from defendant's conduct.

5. The attitudes and actions of defendant's top management after the misconduct was discovered.

6. The effect of the damages award on defendant's financial condition.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use it to punish a defendant for injury the defendant may have inflicted upon nonparties or those whom they directly represent.

Source: 3C Fed. Jury Prac. & Instr. § 179:60 (6th ed.).

**Instruction No. 37 (Punitive Damages – Plaintiff's Proposed)**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction _____ , and if you answer "no" in response to Instruction _____, then you must decide whether the defendant acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of disability. The defendant acted with malice or reckless indifference if:

it has been proved that Defendant knew that the termination was in violation of the law prohibiting disability discrimination, or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that the defendant made a good-faith effort to comply with the law prohibiting disability discrimination.

If you find that the defendant acted with malice or reckless indifference to the plaintiff's

rights and did not make a good-faith effort to comply with the law, then, in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction _____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.    How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2.    How much harm the defendant's wrongful conduct caused the plaintiff. You may not consider harm to others in deciding the amount of punitive damages to award.

3.    What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for its wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

Source: 8th Cir. Civil Jury Instruction 5.72 (2017).

**Instruction No. 34 (Damages Instructions Does not Indicate Entitlement)**

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of Plaintiff.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019), Instruction 32.

**Instruction No. 35 (Now for Argument)**

You will now hear arguments of counsel. Their role is to offer interpretations of the evidence consistent with their respective cases. Please give them your thoughtful and respectful attention.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

**Instruction No. 36 (Charge to Jury)**

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases, it must be decided sometime. There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also, there is no reason to believe that the case would ever be submitted to people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

This does not mean that those favoring any particular provision should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk

over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 37 (Deliberations)

When you retire to the jury room, you will first select one of your members to preside over your deliberations, speak for the jury in court, and sign the verdict upon which you agree.

In this case your verdict will be returned in the form of written answers to special written questions submitted by the Court. Your answers will constitute your verdict. Your answers to the questions must be unanimous. Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions. Please also note that when reviewing the verdict form, there are several "Notes" to assist you.

It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because the other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges-judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 38 (Admonitions)

During your deliberations, that is when all of you are together in the jury room, you are

released from the admonition regarding discussions of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to or watching news reports about the case, doing any sort of independent investigation, or discussing the case with any third party remains in effect at all times until such time as I release you from the admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. I cannot overemphasize the importance of the admonition.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 39 (Questions to the Court)

If it becomes necessary during your deliberations to communicate with the Court, please write out your message or question, have the presiding juror sign and date it, and give the note to the law clerk or bailiff stationed outside of the jury room. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

You will note from the oath taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of this case.

I will respond as promptly as possible, either in writing or by having you return to the

courtroom so that I can address you orally. With regard to any message or question you might send, you should never state or specify your numerical division at the time. In other words, do not reveal how the group is voting, unless it is in response to a direct question from me about your division. Bear in mind also that you are never to reveal to any person how the jury stands-numerically or otherwise-on the question before you, until after you have reached a unanimous verdict.

You may now retire and conduct your deliberations in such manner as may be determined by your good judgment as reasonable people.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

### Instruction No. 40 (Starting Deliberations)

A final suggestion by the Court-not technically an instruction upon the law-may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation-counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.

**Source:** *Karrick v. Unified Gov't*, No. 17-CV-2225-HLT, ECF 133 (May 13, 2019).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STEVE F. SKERCE

         Plaintiff,

   vs.                                  Case No. 2:18-cv-02040-HLT

TORGESON ELECTRIC COMPANY,

         Defendant.

**Verdict**

We, the jury, duly impaneled and sworn, upon our oaths, present the following answers to the questions submitted by the Court:

1. Do you find under Instruction ___ (Disability Discrimination) that Defendant is liable to Plaintiff for discrimination on the basis of disability?

YES _____           NO _____

**[NOTE: Answer Questions 2 and 3 only if you answered "Yes" to Question 1. Otherwise, proceed to Question 4.]**

2. Has Defendant proved by a preponderance of the evidence that Defendant would have discharged Plaintiff even if Defendant had not considered Plaintiff's diabetes?

YES _____       NO _____       N/A _____

**[NOTE: Answer 3 only if you answered "Yes" to Question 1 and "No" to Question 2. Otherwise, proceed to Question 4.]**

3. In accordance with Instructions ___ and ___ (Damages ADA and Punitive Damages), state the amount of damages, if any, which Plaintiff sustained because of such discrimination:

Lost wages and benefits       $_____
Compensatory damages       $_____
(pain, suffering, or emotional distress)
Punitive damages       $_____

N/A _____

4. Do you find under Instruction ___ (FMLA Interference) Defendant interfered with Plaintiff's entitlement to FMLA leave?

YES _____           NO _____

**[NOTE: Answer Questions 5, 6 and 7 only if you answered "Yes" to Question 4.]**

5. Do you find under Instruction __ (Same Decision-FMLA—Exception to job restoration) that Defendant would have discharged Plaintiff without regard to Plaintiff's eligibility for FMLA leave and/or that Plaintiff would not have been employed by Defendant after Plaintiff was released to return to work without restriction.

YES _____              NO _____              N/A _____

6. Do you find under Instruction __ (Good Faith vs. Willful Violation) that Defendant acted in good faith?

YES _____              NO _____              N/A _____

**[NOTE: Answer Question 7 only if you answered "Yes" to Question 4 and "No" to Questions 5 and 6.]**

7. In accordance with Instruction __ (Damages FMLA), state the amount of damages, if any, which Plaintiff sustained for interference under the FMLA

Lost wages and benefits          $_____
(from termination through date of trial)

N/A _____

_____          _____
Date                                        Foreperson