IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| STEVE F. SKERCE, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:18-cv-02040-HLT |
| TORGESON ELECTRIC COMPANY, | |
| Defendant. | |

## NOTICE OF JURY INSTRUCTION CONFERENCE

The parties conferred regarding proposed jury instructions and jointly filed a complete set of proposed jury instructions, Doc. 79. The parties agree the filed instructions are an appropriate set of instructions subject to the following exceptions.

**Instructions Objected to In Their Entirety[1]**

| Proposed Instruction No.[2] | Objecting Party/Basis for Objection |
|---|---|
| 22 (Business Judgment) | Plaintiff does not agree to the business judgment instruction because it is an affirmative defense that was neither in Defendant's Answer nor the Pretrial Order.<br><br>Defendant contends Business judgment is not an affirmative defense. Rather, business judgment is the term applied to the legitimate, non-discriminatory reason for the adverse action. . "Evidence that the employer should not have made the termination decision—for example, that the employer was mistaken or used poor business judgment—is not sufficient to show that the employer's explanation is |

---

[1] Instruction No. 30 is omitted from the set of proposed instructions. After the parties conferred, it was agreed to delete the instruction. To avoid confusion in preparing this document, the instructions thereafter were not renumbered.

[2] Use the Instruction No. from the complete set of proposed jury instructions.

| | |
|---|---|
| | unworthy of credibility." Simmons v. Sykes Enters., Inc., 647 F.3d 943, 948 (10th Cir. 2011) *1308 (quoting *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169–70 (10th Cir. 2007)). "[O]ur role is to prevent intentional discriminatory ... practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." *Young v. Dillon Cos., Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006). *See also Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307–08 (10th Cir. 2017) (stating business judgment rule in ADA case). |
| 27 (FMLA Definition of Notice-Leave Forseeable) | Defendant/ superfluous.<br>Timely notice is not an issue in this case and, particularly, foreseeable leave notice is not at issue. It is not disputed that Skerce was eligible for FMLA leave. Under the facts, Skerce did not give 30 days' notice for any leave request.<br><br>If the instruction is to be given the pattern instruction from Fed. Jury Prac. & Instr. § 179:34 should be given—*see* Instruction No. 29 Appropriate notice—Leave unforeseeable.<br><br>Plaintiff's position is the instruction is appropriate because Defendant has not stipulated to the third element of an interference claim. |
| 28 (FMLA Definition of Notice-Leave Unforseeable) | Defendant/ superfluous.<br>Same as above.<br><br>Plaintiff's position is the instruction is appropriate because Defendant has not stipulated to the third element of an interference claim. |
| 29 (Appropriate Notice – Leave Unforeseeable) | Defendant/ superfluous.<br>As above, it is not disputed that Plaintiff's elbow injury on January 29, 2015 was an FMLA qualifying event. The phrase "appropriate notice" is not used elsewhere in the instructions, making the definition superfluous. |

| | |
|---|---|
| | Plaintiff's position is the instruction is appropriate because Defendant has not stipulated to the third element of an interference claim. |
| 37 (Punitive Damages-Defendant's Proposed 37 (Punitive Damages-Plaintiff's Proposed) | Defendant objects. The evidence does not support a punitive damages instruction.<br><br>In the event the instruction is given, Defendant proposes the pattern instruction from Fed. Prac. & Instr., whereas Plaintiff proposes the 8th Circuit pattern instruction. |

**Instructions Objected to In Part**

| Proposed Instruction No. | Objecting Party/Basis for Objection/Proposed Modification |
|---|---|
| 23 (Same Decision ADA) | Defendant: Defendant objects to deviation from the pattern instruction. The insertion of "due to a reduction in force" in the instruction is unnecessary. Defendant needs only to demonstrate it discharged plaintiff for a reason other than disability discrimination. The evidence shows Skerce was identified for dismissal when manpower demands reduced due to his attitude and comparatively poor performance. The proposed addition permits a verdict for plaintiff in the absence of disability discrimination If a jury were to determine Skerce was dismissed for a reason other than a reduction in force but other than Skerce's alleged disability. |
| 25 (FMLA Generally) | Defendant objects to the omission of the word "generally" from the sentence "After the period of qualified leave expires, the employee ~~generally~~ is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took the leave."<br><br>This language including the word "generally" is quoted directly from 3C Fed. Jury Prac. & Instr. § 179:10 (6th ed.). The right to reinstatement is not unqualified. Even if a plaintiff shows |

|  | elements of an FMLA interference claim, the employer will still prevail if it shows that he would have been dismissed regardless of his request for, or taking of, FMLA leave. *Sabourin v. Univ. of Utah*, 676 F.3d 950, 958 (10th Cir. 2012).<br><br>Plaintiff's position is Defendant's legitimate non-discriminatory reason for terminating Plaintiff was a reduction in force and not for performance reasons. If there was no reduction in force, then Defendant does not have a legitimate non-discriminatory reason for Plaintiff's termination. |
|---|---|
| 26 (FMLA Interference) | Defendant objects. Like Instruction 23 above, the inclusion of "due to a reduction in force" is unnecessary and inappropriate for the instruction. |
| 31 (Good Faith vs. Willful Violation) | Like instructions 23 and 26 above, the inclusion of "due to a reduction in force" is unnecessary and inappropriate for the instruction.<br><br>Plaintiff's position is the same as above. |
| 32 (Same Decision-ADA) | Like instructions 23, 26, and 27 above, the inclusion of "due to a reduction in force" is unnecessary and inappropriate for the instruction.<br><br>Plaintiff's position is the same as above. |
| 33 (FMLA Designation) | Plaintiff objects because it is not a proper jury instruction. It is misleading and misstates the law. |
|  |  |

**Instructions to Be Added**

| **Additional Instruction No.[3]** | **Objecting Party/Basis for Addition** |
|---|---|
|  |  |

---

[3] Include copies of the proposed additional instructions as an exhibit to this notice.

Respectfully Submitted,

Aaron C. McKee
MCKEE LAW, L.L.C.
222 South Cherry Street | Olathe, Kansas 66061
Off: '913) 768-6400 | Fax: '913) 768-6420
aaronmckee@mckee-law.com
*Attorney for Plaintiff*

s/David R. Cooper
David R. Cooper      #16690
Seth A. Lowry        #24292
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fisherpatterson.com
slowry@fisherpatterson.com
*Attorneys for Defendant*